# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAYLA SHELBY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWO JINNS, INC. DBA ALADDIN BAIL BONDS<br><br>Defendants. | Case No. 2:15-cv-03794-AB-GJS<br><br>[~~PROPOSED~~] **ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING PROPOSED SETTLEMENT CLASS, DIRECTING NOTICE, AND SETTING HEARING ON FINAL APPROVAL OF SETTLEMENT**<br><br>**Honorable André Birotte Jr.** |

Plaintiff has filed a Motion for an Order Preliminarily Approving Class Action Settlement, Conditionally Certifying Proposed Settlement Class, Directing Notice, and Setting Hearing on Final Approval of Settlement ("Motion"). Having reviewed the Motion and supporting materials, the Court determines and orders as follows:

A. Counsel have advised the Court that the parties have agreed, subject to final approval by this Court following notice to the proposed Plaintiff Settlement Class and a hearing, to settle this action on the terms and conditions set forth in the Settlement Agreement and Release of Claims (the "Agreement").

B. The Court has reviewed the Agreement, as well as the files, records, and proceedings to date in this matter. The terms of the Agreement are hereby incorporated as though fully set forth in this Order. Capitalized terms shall have the meanings attributed to them in the Agreement.

C. Based upon preliminary examination, it appears to the Court that the Agreement is sufficiently fair, reasonable, and adequate to warrant notice to the proposed Class; that the Plaintiff Settlement Class should be certified for settlement purposes; and that the Court should hold a hearing after notice to the Plaintiff Settlement Class to determine whether to enter a settlement approval order and final judgment in this action, based upon that Agreement.

Based upon the foregoing, IT IS HEREBY ORDERED:

1. **Preliminary Approval of Proposed Settlement.** The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate. The Court finds that (a) the Agreement resulted from extensive arm's length negotiations, with participation of an experienced mediator, and (b) the Agreement is sufficient to warrant notice thereof to members of the Plaintiff Settlement Class and the Fairness Hearing described below.

2. **Class Certification for Settlement Purposes Only.**

(a) Pursuant to Fed. R. Civ. P. 23(b)(3), the Court, for settlement purposes only, conditionally certifies a class consisting of all persons in the United States for whom, between May 20, 2014, and July 20, 2016, Defendant initiated recurring electronic funds transfers from a debit card account or bank account number, without first providing a copy of a written authorization. The Plaintiff Settlement Class does not include Two Jinn, any entity that has a controlling interest in Two Jinn, or Two Jinn's current or former directors, officers, counsel, and their immediate families. The Plaintiff Settlement Class also does not include any persons who validly request exclusion from the Class.

(b) In connection with the certification, the Court makes the following preliminary findings:

(1) The Class satisfies Fed. R. Civ. P. 23(a)(1) because the Class appears to be so numerous that joinder of all members is impracticable;

(2) The Class satisfies Fed. R. Civ. P. 23(a)(2) because there appear to be questions of law or fact common to the Class;

(3) The Class satisfies Fed. R. Civ. P. 23(a)(3) because the claims of the plaintiff named in the caption appear to be typical of the claims being resolved through the proposed settlement;

(4) The Class satisfies Fed. R. Civ. P. 23(a)(4) because the named plaintiff appears to be capable of fairly and adequately protecting the interests of the above-described Class in connection with the proposed settlement and because counsel representing the Class are qualified, competent and capable of prosecuting this action on behalf of the Class.

(5) The Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because, for purposes of settlement approval and administration, common

questions of law and fact appear to predominate over questions affecting only individual Class Members and because settlement with the above-described Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Class. The Class appears to be sufficiently cohesive to warrant settlement by representation.

    (c)   In making the foregoing findings, the Court has exercised its discretion in conditionally certifying a settlement class.

    (d)   Gayla Shelby is hereby designated as Class Representative.

3.   **Class Counsel.** The Court appoints the Law Offices of Todd M. Friedman, PC as counsel for the Class ("Class Counsel"). For purposes of these settlement approval proceedings, the Court finds that Class Counsel are competent and capable of exercising their responsibilities as Class Counsel.

4.   **Fairness Hearing**. A hearing shall be held before this Court on June 26, 2017, at 10:00 a.m. ("Fairness Hearing"), as set forth in the Notice (described in Paragraph 5 below), to determine whether the Agreement is fair, reasonable, and adequate and should be given final approval. Papers in support of final approval of the Agreement and Class Counsel's application for an award of attorneys' fees, costs and expenses and for service awards to the Representative Plaintiff ("Fee and Expense Application") shall be filed with the Court according to the schedule set forth in Paragraphs 12 and 13, below. The Court may postpone, adjourn, or continue the Fairness Hearing without further notice to the Class. After the Fairness Hearing, the Court may enter a Settlement Order and Final Judgment in accordance with the Agreement ("Final Judgment"), which will adjudicate the rights of the Class Members with respect to the claims being settled.

5.   **Notice**. The Court approves the form and content of the notices substantially in the forms attached as Exhibits B, C and D to the Declaration of Todd Friedman. Two Jinn, Inc. ("Two Jinn") shall comply with the notice

requirements of Paragraph 9.01-9.04 of the Agreement. In compliance with that Paragraph, beginning thirty (30) days after entry of this Order, Two Jinn shall cause notice to be delivered to all Class Members through email and direct mail Notice in the manner set forth in the Agreement. Notice shall be substantially in the form attached as Exhibits B and C and D to the Declaration of Todd Friedman, and a notice substantially in the form attached as Exhibit D to the Declaration of Todd Friedman shall be posted at a website, the Internet address for which shall be disclosed in the print publication notice.

6. **Filing of CAFA Notice**. Before the Fairness Hearing, Defendants shall file with the Court proof of their compliance with the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

7. **Findings Concerning Notice**. The Court finds that the Notice and the manner of its dissemination described in Paragraph 5 above and Paragraph 9.01-9.03 of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable laws.

8. **Exclusion from Class**. Each Class Member who wishes to exclude himself or herself from the Class and follows the procedures set forth in this Paragraph shall be excluded. Any potential member of the Class may mail a written request for exclusion, in the form specified in the Notice, to the third-party administrator at the address set forth in the Notice. All such written requests must be postmarked by ninety (90) days after entry of this Order. All persons who properly request exclusion from the Class shall not be Class Members and shall

have no rights with respect to, nor be bound by, the Agreement, should it be approved. The names of all such excluded individuals shall be attached as an exhibit to any Final Judgment.

9. **Right to Abrogate Agreement**. In the event more than a previously agreed number of Class Members timely exclude themselves from the Settlement Class, Two Jinn shall have the unilateral right to abrogate the Agreement by written notice of abrogation to Class Counsel in accordance with and subject to the procedures set forth in the Agreement. If Two Jinn exercises its right to abrogate the Agreement, then all aspects of the Agreement and the settlement underlying it, including but not limited to the provisional certification of the Settlement Class for settlement purposes only, shall be altogether null and void, and no aspect of the Agreement, the settlement, or this Order shall serve as legal precedent or as any basis for legal or factual argument in this or any other case.

10. **Claims Procedures**. The Court approves the claims procedures set forth in the Agreement. The Court approves the form and content of the Claim Form substantially in the form attached at the end of Exhibit D to the Friedman Declaration. A properly executed Claim Form must be submitted as required in the Notice over the Internet or postmarked not later than seventy five (75) days after the date on which Two Jinn commences transmittal of notice. Such deadline may be further extended by Court Order. Each Claim Form shall be deemed to have been submitted when submitted over the Internet or postmarked (if properly addressed and mailed by first class mail, postage prepaid), provided such Claim Form is actually received no less than thirty (30) days prior to the Distribution Date. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated on the Claim Form.

11. **Costs of Notice and Claims Processing**. The costs of notice to the Class of the pendency and settlement of the Actions and of processing claims shall be paid from the Common Fund. If the costs of notice exceed $45,000, they shall be deducted from the maximum attorneys fees that are permissible by Class Counsel, which is 25% of the Common Fund.

12. **Objections and Appearances**.

(a) **Written Objections.** Any Class Member who has not timely submitted a written request for exclusion from the Class, and thus is a Class Member, may object to the fairness, reasonableness or adequacy of the Agreement, or the Fee and Expense Application. Any Class Member who wishes to object to the settlement, must submit his or her objection in writing to Class Counsel, Attn: Todd Friedman, The Law Offices of Todd M. Friedman, PC, 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367 (Class Counsel), postmarked no later than ninety (90) days after entry of this Order. Class Counsel will file copies with the Court via ECF. Objecting Class Members must include their name and address, the name and number of the case, and a statement of the reasons why they (i) believe the Court should find that the proposed settlement is not in the best interests of the Class or (ii) object to the Fee and Expense Application. Any objection not timely made in this manner shall be forever barred.

(b) **Appearance at Fairness Hearing**. Any objecting Class Member who wishes to address the Court at the Fairness Hearing must indicate his or her intent to do so in writing to Class Counsel at the same time that the Class Member submits the objection. Class Counsel will inform the Court and Defendants' counsel accordingly. Any Class Member who does not timely deliver a written objection and notice of intention to appear by ninety (90) days from entry of this Order, in accordance with the requirements of this Order, shall not be

permitted to object or appear at the Fairness Hearing, except for good cause shown, and shall be bound by all proceedings, orders and judgments of the Court.

(c) **Papers for Final Approval and for Fees and Expenses**. Representative Plaintiff shall file her motion for final approval of the settlement, and Class Counsel shall file their Fee and Expense Application, together with all supporting documentation, by no later than thirty (30) days from entry of this Order, sufficiently in advance of the expiration of the objection period that any Class Member will have sufficient information to decide whether to object and, if applicable, to make an informed objection.

(d) **Responses to Objections**. Any responses to objections to the Agreement or the Fee and Expense Application shall be filed with the Court within twenty-one (21) days after the deadline for serving objections.

13. **Dates of Performance**. In summary, the dates of performance are as follows:

(a) Defendants shall send the Notice to potential Class Members on or before March 9, 2017, i.e., within thirty (30) days after entry of this Order;

(b) Class Counsel's Fee and Expense Application, and all supporting materials, shall be filed no later than March 10, 2017, i.e., within thirty (30) days after entry of this Order;

(c) Representative Plaintiff's final approval motion, and all supporting materials, shall be filed no later than June 12, 2017, i.e., no later than fourteen (14) days before the Fairness Hearing date;

(d) Class Members who desire to be excluded shall mail requests for exclusion postmarked by May 9, 2017, i.e., within ninety (90) days after entry of this Order;

(e)    All objections to the Agreement or the Fee and Expense Application shall be filed and served by May 9, 2017, i.e., within ninety (90) days after entry of this Order;

(f)    Responses to objections, if any, and in further support of the Fee and Expense Application, shall be filed by May 30, 2017, i.e., within twenty-one (21) days after expiration of the deadline for objections;

(g)    The Fairness Hearing shall be held on June 26, 2017, at 10:00 a.m., (at least one hundred twenty-six (126) days after entry of this Order to allow sufficient time for notice, objections, responses to objections, etc.); and

(h) Class Members who desire to submit Claim Forms shall do so by June 7, 2016, 2017, i.e., ninety (90) days after commencement of class notice (or one hundred twenty (120) days after this Order).

14.    Effect of Failure to Approve the Agreement. In the event the Court does not approve the Agreement, or for any reason the Parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)    All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b)    The conditional certification of the Class pursuant to this Order shall be vacated automatically, and the case shall return to its status as it existed before entry of this Order;

(c)    Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendant or Representative Plaintiff on any point of fact or law, including, but not limited to, factual or legal matters relating

to any effort to certify this case as a class action for purposes of considering settlement approval; and

(d)   Nothing in this Order or pertaining to the Agreement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings pertaining to treatment of this case as a class action.

15.   **Discretion of Counsel**. Counsel are hereby authorized to take all reasonable steps in connection with approval and administration of the settlement not materially inconsistent with this Order or the Agreement, including, without further approval of the Court, making minor changes to the content of the Notice that they jointly deem reasonable or necessary.

16.   **Stay of Proceedings Pending Approval of the Settlement**. All proceedings before the Court are stayed pending final approval of the settlement, except as may be necessary to implement the settlement or comply with the terms of the Agreement.

17.   **Injunction Against Asserting Released Claims Pending Settlement Approval**. Pending final determination of whether the settlement should be approved, Plaintiff, all Class Members and any person or entity allegedly acting on behalf of Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Class Members who timely exclude themselves in a manner that complies with this Order. This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

18. **Reservation of Rights and Retention of Jurisdiction**. The Court reserves the right to adjourn or continue the date of the Fairness Hearing without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve or modify the settlement without further notice to Class Members.

IT IS SO ORDERED.

Date: February 8, 2017

_____
HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE